On Motion to Dismiss.
OVERTON, J.
This is a suit for damages, amounting to $10,000, instituted under article. 2315 of the Civil Code. In the alternative, plaintiff prays that, should it be held that his demand does not arise under the cited article of the Code, then and in that event his. right to sue under the Employers’ Liability Act (Act No. .20 of 1914) be reserved. An exception of no cause of action was filed by the Superior Brass & Copper Foundry Company and S. J. Stewart, the defendants in the case, which was maintained, and plaintiff’s suit dismissed. On May 2, 1922, the judgment maintaining the exception of no cause of action was signed, and plaintiff then moved for and obtained a devolutive appeal to this court. The defendants now move to dismiss the appeal upon the ground that this court is without jurisdiction. In. the event we should hold that we are without jurisdiction, plaintiff asks that, instead of dismissing the appeal, we transfer it to the Court of Appeal. Defendant resists the alternative request to transfer the case, for the alleged reason that Act No. 19 of 1912, which purports to authorize such a transfer, is unconstitutional.
Since the appeal herein was granted after the adoption of the Constitution of 1921, and since the cause of action is one for damages for physical injuries to a person, this court is without jurisdiction of it, irrespective of the amount involved. Section 10, art. 7, Constitution of 1921.
Since we have no jurisdiction of the appeal, we must either dismiss it or transfer it to the Court of Appeal, which, under section 29 of article 7 of the Constitution, has jurisdiction in such cases. As the appeal was evidently brought here because of an error of judgment as to our appellate jurisdiction, the better course would seem to be to transfer it, rather than dismiss it, unless it should be that Act No. 19 of 1912, which purports to authorize the transfer, is unconstitutional. Defendants contend that this act is unconstitutional in that it attempts to give to this court power and jurisdiction not granted by the Constitutions of 1898, 1913, and 1921; and hence that the only remaining course is to dismiss the appeal.
 Tested by the Constitution of 1898 under which the act in question was passed we do not find it amenable to the objection urged. There is nothing in that Constitution which prescribes a particular course to be pursued, when an appellate court finds that an appeal has been lodged in it, of which it has no jurisdiction, and of which another appellate court has. Necessarily, such appellate court, in ridding itself of the appeal thus improperly lodged in it, would have to do one of two things; either dismiss it, or transfer it to the proper appellate court. There is, however, to say the least, *629 no greater reason why, speaking generally, it should dismiss the appeal rather than transfer it. It is true that the jurisdiction of the appellate courts, under the Constitution of 1898 (articles SiL-106), was fixed by .that instrument, by defining in what cases they should have jurisdiction, but the fact that their jurisdiction was thus fixed did not and does not signify that in declining jurisdiction, those courts necessarily had to dismiss the appeal. Such constitutional provisions are fully satisfied by refusing jurisdiction, when none exists, and leave it open to the Legislature to provide the methods by which appellate courts may rid themselves of appeals in such eases. Therefore the Legislature had power to provide that appeals in those cases should be dismissed, or transferred to the proper court, or that either of those courses might be pursued, in the sound discretion of the court, under the familiar principle that a legislature may enact any legislation not prohibited by the Constitution of the state, or by that of the United States.
The Legislature, by the act in question, having authorized the last-named course, that is, the one giving us power either to dismiss or transfer such an appeal, we therefore conclude that this court has power either to dismiss it or to transfer it, as it may deem proper, unless the act is inconsistent with either the Constitutions of 1913 or 1921, and for that reason repealed by one of them. We, however, find no inconsistency between the act and either one of those Constitutions, for the reasons given by us as to why it was constitutional when enacted. There being no inconsistency between the act and either of those Constitutions, it follows that the act remains in full force and vigor, for the schedules' of both of them retain in full force' and effect all legislation not unconstitutional when enacted, and not inconsistent with the Constitutions of which those schedules form part. It should be added that the indentical question here raised, as to the constitutionality of the act, was raised in a case recently decided by us, and its constitutionality maintained. In re Aztec Land Co., 147 La. 672, 85 South. 634.
Being, thez-efore, of the opinion that this court is without jurisdiction of the appeal, and that the Court of Appeal for the Parish of Orleans has jurisdiction of it; that the act authorizing its transfer is constitutional and unrepealed, and that the appeal ought to be transferred, so that its merits or demerits may be determined, that course will be pursued; and accordingly it will be so ordered.
■ It is therefore ordered and decreed that the appeal herein be transferred to the Court of Appeal for the Parish of Orleans, to be there disposed of as provided by law.